IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAN C. PERKINS,

       Plaintiff,

vs.    Civ. No. 01-943 MCA/WWD

JO ANNE B. BARNHART,
Commissioner of Social Security,

       Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    1. This matter comes before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Agency Decision and Memorandum Brief in Support Thereof ("Motion"), filed June 6, 2002 **[Doc. 15]**. Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying the Plaintiff's applications for social security disability insurance benefits ("SSD"). Plaintiff alleges a disability which commenced December 5, 1989, arising from several herniated discs, nerve damage, a separated shoulder and problems with his right knee. Tr. at 189. Plaintiff claims that he is prevented from working because he experiences severe pain in his back and his knee swells and hurts. Id.

    2. Plaintiff applied for disability benefits on December 13, 1994. Tr. at 176. After conducting an administrative hearing, the Commissioner's Administrative Law Judge ("ALJ") issued a decision on December 10, 1998 denying Plaintiff's application. Tr. at 31. On June 15, 2001, the Appeals Council denied Plaintiff's request for a review, thus rendering the ALJ's decision the final decision of the Commissioner. Tr. at 6. Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

3. Plaintiff's date of birth is June 10, 1952. Tr. at 176. Plaintiff has completed eighth grade and has worked in the past as a dog trainer, truck driver, heavy equipment operator and driller in the oilfield industry. Tr. at 193. The ALJ concluded that Plaintiff "had been able to make a satisfactory adjustment to a significant number of jobs in the regional and national economy and, as such, was not disabled at any time period to the expiration of [his] insured status on September 30, 199[0][1]." Tr. at 50.

4. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. Thompson v. Sullivan, 987 F.2d 1482 (10th Cir. 1993) (citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. Id. (citation omitted).

6. Plaintiff raises the following allegations of error with respect to the ALJ's decision: (1) The ALJ erred in finding that Plaintiff's impairment did not meet or exceed the requirements set forth in the listings, and (2) The ALJ erred by finding that Plaintiff could sit for six hours and in failing to consider Plaintiff's inability to engage in work on a sustained and continuous basis.

7. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." Thompson, 987 F.2d at 1486 (citing 42 U.S.C. §423 (d)(1)(A)); see also 42 U.S.C. § 1382c(a)(3)(A). Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. Id.; see 20 C.F.R. §§ 404.1520(a - f); 416.920. The sequential evaluation

---

[1] The parties do not dispute that Plaintiff's insured status expired on September 30, 1990.

process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. Id. (citations omitted).

8. At the first four levels of the evaluation, the claimant must show: (1) that he or she is not working; (2) that he or she has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt.P, App.1; or (4) that he or she is unable to perform work done in the past. At step five, the burden shifts to the Commissioner to show that the claimant has a residual functional capacity ("RFC") to do work in the national economy other than past relevant work. Thompson, 987 F.2d at 1487 (citations omitted). The ALJ determined that Plaintiff was not disabled at step five of the sequential evaluation.

### *First Alleged Error - Listing of Medical Impairments*

9. Plaintiff alleges that the ALJ erred when he concluded at step three of the sequential analysis that Plaintiff's impairment did not meet or exceed the requirements of Listing § 1.05C [now § 1.04] of the Listing of Medical Impairments. Defendant claims that the requirements of revised Listing § 1.04 do not apply to the Court's review of this case and that Plaintiff failed to demonstrate that he met the requirements under the old listing § 1.05C.

10. The Social Security Administration explained how the revised listings would affect pending cases as follows: "With respect to claims in which we have made a final decision, and that are pending judicial review in Federal court, we expect that the court's review . . . would be made in accordance with the rules in effect at the time of the final decision." Revised Med. Criteria for Determination of Disability, Musculoskeletal Sys. and Related Criteria, 66 Fed. Reg. 58010, 58011 (Nov. 19, 2001) (20 C.F.R. 404, 416). Plaintiff does not cite any persuasive

authority that holds to the contrary. Therefore, the Court will review the ALJ's finding under § 1.05C, the listing that was in effect at the time of the ALJ's decision.

   11. "[A]n individual is considered disabled under . . . [L]isting 1.05, which generally covers disorders of the spine, if he or she meets the following criteria:

C. Other vertebrogenic disorders (e.g., herniated nucleus puplosus [sic], spinal stenosis) with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. With both 1 and 2:

1. Pain, muscle spasm and significant limitation of motion in the spine; and

2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss. 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 1.05C. [Plaintiff] has the burden at step three of demonstrating, through medical evidence, that his impairments 'meet all of the specified medical criteria' contained in a particular listing." Riddle v. Halter, 10 Fed.Appx. 665, 667 (10th Cir. 2001) (not published in the Federal Reporter) (citing Sullivan v. Zebley, 493 U.S. 521, 530 (1990)).

   12. In this case, the ALJ found that Plaintiff did not meet the requirements of Listing § 1.05C because "although a magnetic resonance imaging scan ("MRI") revealed the presence of degenerative disc disease of the cervical, thoracic and lumbar spines, there is equivocal evidence of impingement of the nerve root required to meet the criteria of Listings [sic] 1.05C." Tr. at 40. The ALJ further found that the listing was not met because "the medical evidence of record does not establish the presence of significant motor loss, associated with muscle weakness, and sensory and reflex loss of [Plaintiff's] upper or lower extremities." Tr. at 40.

   13. Plaintiff apparently disputes the ALJ's finding that the evidence of nerve root

impingement was equivocal. However, even if the evidence clearly established the existence of nerve root impingement, Plaintiff failed to demonstrate other elements, such as "radicular distribution of significant motor loss with muscle weakness," that are necessary to meet the requirements of § 1.05C. For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. Sullivan, 493 U.S. at 530 ("An impairment that manifests only some of those criteria, no matter how severely, does not qualify."); see Social Security Ruling (SSR) 83-19; 20 C.F.R. § 404.1525.

14. Plaintiff apparently relies on the results of an EMG performed by Dr. Chiodo on October 8, 1993 as evidence that establishes the required level of "motor loss"[2] under the listing. As previously noted, the Court reviews the ALJ's finding in light of the requirements of § 1.05C, which requires significant motor loss. Moreover, while Dr. Chiodo's findings may indicate nerve damage, they do not appear to be evidence of motor loss. Indeed, on May 17, 1993, Dr. Chiodo noted that Plaintiff's "strength was full in bilateral upper and lower extremit[ies], and his strength was symmetric." Tr. at 412. Finally, Dr. Chiodo's examination and report occurred well beyond the date that Plaintiff was last insured and does not address Plaintiff's condition during the relevant time period.

15. At step three of the sequential analysis, it is Plaintiff's burden to prove disability. However, the inconsistent and generally inconclusive evidence available in this case with respect to the requirements of § 1.05C does not meet that burden. See Woodward v. Shalala, 30 F.3d

---

[2] While old Listing § 1.05C requires "radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss," the revised criteria of Listing § 1.04 requires "[e]vidence of . . . neuro-anatomic distribution of . . . motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss."

142, 1994 WL 408169 at **2 (10th Cir. Aug. 4, 1994) (unpublished table decision) (citing Frey v. Bowen, 816 F.2d 508, 512 (10th Cir.1987)) (upholding the ALJ's determination that claimant did not meet or exceed the requirements of 1.05C where the available evidence was inconsistent and inconclusive).  Thus, I find that the ALJ's conclusion that Plaintiff's impairment does not meet or equal listing § 1.05C is supported by substantial evidence.

### *Second Alleged Error - Plaintiff's Residual Functional Capacity ("RFC")*

16.  Plaintiff alleges that substantial evidence does not support the ALJ's finding that Mr. Perkins was able to sit for six hours out of an eight hour work day.  Plaintiff further alleges that substantial evidence does not demonstrate that Mr. Perkins was capable of working on a continuous and sustained basis during the relevant time period.

17.  The ALJ determined that Plaintiff "had a residual functional capacity for sedentary exertional level work," explaining that Mr. Perkins "retained the ability to stand and walk for two hours . . . . [and] sit for a total of six hours in an 8-hour work day." Tr. at 46-47.  Further, the ALJ implicitly found that Plaintiff was capable of working on a sustained basis during the relevant period.  At the hearing, the ALJ presented a hypothetical to the vocational expert ("VE") which incorporated his RFC findings.  The ALJ then relied on the testimony of the VE to support his conclusion that "prior to September 30, 1990, [Plaintiff] had been able to make a satisfactory adjustment to a significant number of jobs . . . and . . . was not disabled." Tr. at 49.

18.  Initially, I note that the ALJ pointed to the results of several functional capacity evaluations ("FCEs") performed outside of the relevant time period to support his finding that Plaintiff's testimony was not fully credible regarding his functional limitations. Tr. at 44-45.  For example, the ALJ noted that a FCE performed on March 3, 1995 found that Plaintiff was able to

sit for six hours out of an eight hour day. Tr. at 44, 626. However, while the ALJ also cited to a FCE of April 25, 1991, he failed to discuss its finding that Plaintiff could sit for "2.64 h[ou]rs out of an eight-hour day." Tr. at 441. Because the ALJ did not discuss this evidence, it is not clear whether the ALJ considered this particular finding from the April 1991 FCE, or what weight he afforded it in his assessment of Plaintiff's credibility or his functional limitations.[3]

19. Nevertheless, it is not the Court's role to "reweigh the evidence or try the issues de novo or substitute its judgment for that of the [Commissioner]." Trimiar v. Sullivan, 966 F.2d 1326, 1328 (10th Cir. 1992). Accordingly, because of the potential impact that such evidence might have on the findings regarding Plaintiff's credibility and functional limitations, this matter should be remanded for additional proceedings, to include a re-assessment of Plaintiff's credibility and Plaintiff's RFC.

20. Finally, the ALJ's decision fails to comply with the narrative discussion requirements set forth in Social Security Ruling ("SSR") 96-8p in several respects. SSR 96-8p provides that: "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence. In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in the ordinary work setting on a regular and continuing basis . . . , and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in

---

[3] The failure to address this evidence violates not only the requirement that the ALJ "explain how any material inconsistencies or ambiguities in the evidence . . . were considered and resolved," SSR 96-8p, but also the prohibition against "picking through the record for isolated bits of evidence," Limon v. Shalala, 884 F.Supp. 1481, 1486 (D.Colo. 1995) (citing Pettyjohn v. Sullivan, 776 F.Supp. 1482, 1486 (D.Colo. 1993).

the evidence in the case record were considered and resolved." SSR 96-8p

21. Here, for example, the ALJ's implicit finding that Plaintiff was able to engage in work on a sustained basis violates the ruling's requirement that he explicitly discuss such a conclusion. Further, while the ALJ found that Plaintiff was capable of sitting for six hours, he did not "describ[e] how the evidence supports [that] conclusion."[4] Thus, the ALJ's decision in this matter fails to provide the Court a sufficient basis from which to determine whether substantial evidence supports the ALJ's findings. Therefore, this matter should also be remanded for the ALJ to set out specific findings in accordance with the narrative discussion requirements of SSR 96-8p.

**Recommended Disposition**

I recommend that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision and Memorandum Brief in Support Thereof **[Doc. 15]** be granted in part. This matter should be remanded for further proceedings consistent with this opinion, to include:

(A)   a re-assessment of Plaintiff's credibility;

(B)   a re-assessment of Plaintiff's RFC following the credibility analysis;

(C)   a discussion of Plaintiff's RFC, including Plaintiff's ability to perform sustained work activities in the ordinary work setting on a regular and continuing basis, in

---

[4] Based on the evidence cited by the ALJ, it is doubtful that substantial evidence supports a conclusion that Plaintiff was capable of sitting for six hours out of an eight hour work day during the relevant period. The ALJ noted that Mr. Perkins feeds his animals, assumes his personal care and grooming activities, spends two hours a day working on art projects, visits friends three times a week and can drive a car with an automatic transmission. The ALJ further noted that at various times Mr. Perkins has remained active at home, wrestled with his wife, worked four hours a day doing dog training and performed a back flip into Navajo Lake. However, despite what this conduct may reveal about Mr. Perkins' level of activity and mobility, it does not appear to be evidence of his ability to sit for six hours a day.

    accordance with the narrative discussion requirements of SSR 96-8p; and

(D) additional proceedings, if required, in light of new or changed findings resulting from the above proceedings.

Timely objections to the foregoing proposed findings and recommended disposition may be made pursuant to 28 U.S.C. § 636(b)(1)(C).

          _____
          UNITED STATES MAGISTRATE JUDGE